THE BRUNSWICK & WESTERN RAILROAD CO. *v.* THE
    MAYOR AND COUNCIL OF THE CITY OF WAYCROSS.

The power granted in the charter of the city of Waycross to the
    municipality to lay out and open streets, there being no grant of
    power to take or damage private property for the purpose or to
    make compensation therefor, or to provide by ordinance for assess-
    ing or otherwise ascertaining the amount of compensation, does
    not enable the municipality to lay out and open a street over the
    land and over the tracks of a chartered railway company with-
    out the consent of the company; and the fact that the city has
    passed an ordinance providing method and machinery for assess-
    ing compensation, is no substitute for the necessary statutory
    authority on that subject. The judge erred in not granting the
    injunction prayed for.
    June 11, 1894.

Petition for injunction. Before Judge SWEAT. Ware
county. At chambers, May 4, 1894.

The Mayor and Council of Waycross passed an ordi-
nance for the extension of Lee avenue across the Bruns-
wick & Western railroad to the public road running
parallel with the railroad; directing that the street be
opened in the manner provided, and that the railroad
company be required to put a crossing over the railroad
tracks at the point where the avenue would touch the
same, in default of which the council would proceed
legally to condemn and place said crossing. The rail-
road company brought its petition for injunction against
the proceeding. The injunction was denied on condi-
tion that defendant make the crossing level and safe
and of the full width of the street, etc. Plaintiff alleged,
among other things, that the city had no charter right
to condemn plaintiff's property for the purpose threat-
ened; that the crossing would be dangerous, because it
would not cross the railroad tracks at right angles, some
of the tracks being curved to make Y connections with
other tracks, and because they were on an embankment

above the level of the proposed street, and for other reasons specified; and that at another specified point in the city was a crossing kept and maintained by plaintiff over its track, which was amply sufficient to serve the purpose of the proposed crossing. In its answer defendant denied that the proposed crossing would be more dangerous than many other railroad crossings in the city; and alleged that it would be brought up to a level with the railroad tracks, that it would be at a point where all trains were already required by law to come to a full stop, plaintiff's line crossing the main line of the Savannah, Florida & Western railway near by, and that all trains ran at no great speed at or near this place. Further, that defendant had the right under its charter to do the acts complained of; that under advice of counsel it had adopted an ordinance providing for condemnation proceedings whenever necessary to resort to the same for the purpose of opening, extending or otherwise changing the streets of the city; that if it had not the right to have plaintiff put in a crossing at the point named, it would exercise the right of eminent domain and condemn a sufficient way across the railroad, paying adequate compensation, provided it was plaintiff's right to have such compensation for the use of the railroad for such crossing. The ordinances referred to were attached. There were other allegations on both sides, which need not be set forth, the foregoing showing the case in outline.

Goodyear & Kay and S. W. Hitch, for plaintiff.

J. L. Crawley, J. C. McDonald and L. A. Wilson, for defendant.

Simmons, Justice.

Under the facts of this case we think the judge erred in not granting the injunction prayed for. While it is true the legislature, in the charter of the city of Way-

cross, granted power to the municipality to lay out and open streets (Acts 1889, p. 897), it did not grant power to take or damage private property for the purpose, or to provide by ordinance for assessing or otherwise ascertaining the amount of compensation. Our constitution declares that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid" (Code, §5024); and the facts disclosed by the record show that to open a street across the right of way of the railroad company, as contemplated by the municipal authorities, would result in great damage to the company. A municipal corporation has no more right than any other corporation to condemn property and provide the mode of assessing compensation therefor, unless authority to do so is granted by the legislature in express terms or by necessary implication. Such authority cannot be implied from the grant of power to lay out and open streets. In the absence of any further provision authorizing the municipal authorities to condemn property for that purpose, the presumption is that the legislature intended that the necessary property should be acquired by contract. The fact that the city has passed an ordinance providing method and machinery for assessing compensation, is no substitute for the necessary statutory authority on the subject. See Lewis, Eminent Domain, §240; 6 Am. & Eng. Enc. of Law, 517.          *Judgment reversed.*