## STOWE *v.* TOWN OF NEWBORN.

1. The right of eminent domain only exists in a municipality when the power to condemn private property for public use has been conferred on it by the legislature, either expressly or by necessary implication.

2. Section 15 of the charter of the Town of Newborn, "That said mayor and council shall have power to lay out, open, and abolish streets and alleys of said town, extend and change the same as the public interest may require, by paying the owners just compensation for the property taken for any such purposes" (Acts 1894, p. 176), by necessary implication at least, confers on that municipality the power to condemn the land of an individual for the purpose of opening a public street.

3. If the power of eminent domain is conferred on the municipality by its charter, and no provision is made therein for its exercise, the general law of the State (Civil Code, §§ 4657 et seq.) prescribing the procedure and the method of ascertaining the damages is by implication a part of the law delegating the power.

Submitted July 18, 1906.—Decided February 14, 1907.

Petition for injunction. Before Judge Roan. Newton superior court. May 28, 1906.

*J. F. Rogers,* for plaintiff. *J. M. Pace,* for defendant.

EVANS, J. The Town of Newborn was proceeding to condemn certain land of Mrs. S. I. Stowe, for the purpose of laying out and opening a public street. Mrs. Stowe sought to enjoin the municipality from condemning her property, upon the ground that it did

not possess, under its charter, the power of eminent domain, so as to authorize it to open up a street across her property without her consent. Section 15 of the charter of that town provides: "That said mayor and council shall have power to lay out, open, and abolish streets and alleys of said town, extend and change the same as the public interest may require, by paying the owners just compensation for the property taken for any such purposes." Acts 1894, p. 176. An injunction was refused, and she excepted. Counsel for plaintiff in error concedes in his brief that the only question involved in this case is the construction of this section of the charter.

1, 2. No principle is better settled than that a municipality can only exercise the right of eminent domain when it is conferred upon it by the legislature, either expressly or by necessary implication. *Butler.* v. *Thomasville,* 74 *Ga.* 570; *Brunswick etc. R. Co.* v. *Waycross,* 94 *Ga.* 102; *Georgia R. Co.* v. *Union Point,* 119 *Ga.* 809. As was said in *Brunswick R. Co.* v. *Waycross,* supra, "A municipal corporation has no more right than any other corporation to condemn property and provide the mode of assessing compensation therefor, unless authority to do so is granted by the legislature in express terms or by necessary implication. Such authority can not be implied from the grant of power to lay out and open streets. In the absence of any further provision authorizing the municipal authorities to condemn property for that purpose, the presumption is that the legislature intended that the necessary property should be acquired by contract." The language employed in the 15th section of the charter manifestly refers to the acquisition of private property for public use in a manner other than by voluntary grant. It refers to property "taken" for public purposes. The use of the word "taken" implies a seizure; and there is the provision that the owners shall be paid just compensation for the property so seized or taken. The legislature, in referring to compensation, evidently meant the value of the property, without reference to any agreement between the parties. Authority is conferred upon the municipality to lay out and open streets, and authority is further conferred to take the property necessary for laying out and opening such streets upon paying the owners just compensation for the property taken. Perhaps it would not be an unwarranted construction to say that this section expressly conferred upon the municipality the power to condemn. The power given to take property

upon making just compensation necessarily carries with it the idea of an involuntary appropriation of individual property for public use upon making just compensation therefor. But whether this language confers express power upon the municipality to condemn, at least the power of condemnation is necessarily implied.

3. This construction is not open to the objection that the legislature did not provide in the charter for any method of condemnation. When a State delegates to a municipality the right to condemn private property for a public use, and does not in the act delegating such authority provide a method for its exercise, the general law of the State prescribing the procedure and the method of ascertaining the damages is by implication a part of the law delegating the power. *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399 (5); *Georgia R. Co.* v. *Union Point*, 119 *Ga.* 814. The Civil Code, §§ 4657 et seq., provides a method to be pursued in condemnation proceedings by all corporations or persons authorized to take or damage private property for public purposes. As section 15 of the charter does not provide when payment is to be made, it is necessarily to be inferred that the General Assembly intended that the constitutional requirement, that the damage should be first paid, should be complied with. *Town of Poulan* v. *Atlantic R. Co.*, 123 *Ga.* 605, 610. There was no error in refusing the injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*