## CENTRAL GEORGIA POWER COMPANY *v.* MADDOX.

In a notice of condemnation to acquire an easement of flowage on certain described land bounded by a non-navigable stream, where the easement sought to be acquired is to overflow the land, which is specifically described, and also to raise and flow-back the water in the stream to a certain depth, the description of the property sought to be impressed with the easement of flowage is sufficiently comprehensive and definite to include flowage rights over both the land described and also the bed of the stream on which it abuts to the center of the stream.

OCTOBER 12, 1910.

Injunction. Before Judge Reagan. Butts superior court. April 18, 1910.

*Walter T. Johnson,* for plaintiff in error.

*II. M. Fletcher,* contra.

EVANS, P. J. This case presents a single question, and that is the sufficiency of the description of the property in a notice of

condemnation for a public use.   The defendant in error is the owner of the land bounded northerly and easterly by South river, a non-navigable stream.   The plaintiff in error is the condemnor, and gave notice that it would seek to condemn certain areas of land, giving South river as one of the boundaries, with the right not only to flow-back water over and upon the land described, but also the right forever to enter upon and use the same in order to maintain a dam and storage reservoir created thereby, and to afford access to the power plant and storage reservoir, and for other uses necessary to these purposes; and that it would also seek to condemn "the right forever to raise and flow-back the water in that part of said South river as it flows along the easterly and northerly boundaries of said several tracts or parcels of land of said J. O. Maddox [defendant in error] above described, lying between the westerly bank and the thread of the stream of said river, approximately to the level of said five hundred and twenty-five (525) foot contour line, at average stages of the river."  There is no contention that the land abutting the stream has not been accurately described in the notice of condemnation; but, inasmuch as the notice of condemnation in express words does not describe the area of the bed of the river included between the thread of the stream and the abutting land, it is contended that the description is lacking in definiteness.   The statute provides that the notice of condemnation "shall describe the property or franchise, and the amount of interest therein sought to be taken."   Civil Code, § 4669.

It will be observed that the easement which the condemnor seeks in the bed of the stream is the right to increase the depth of the stream by raising the water approximately to the level of the 525-foot contour line at average stages of the river, as defined in a map attached to the notice of condemnation.   The condemnor is not seeking to take the land in the bed of the river, but to acquire a right or easement in maintaining an increased depth of water.   If the landowner had conveyed the land by deed to the condemnor, giving a non-navigable stream as a boundary, the call would have extended to the middle or thread of the main current of the stream.   Civil Code, § 3058.   Why should the rule be different in a proceeding to condemn?   The condemnor is seeking to impress an easement on private property for public use,

and no greater particularity of description ordinarily will be required than will suffice in a deed. The involuntary transfer of a landowner's property for a public use, when constitutionally accomplished by condemnation proceedings, is but the legal substitute for a conveyance by the landowner to the condemnor. The notice of condemnation further specifies the easement sought to be acquired as that of raising water over the bed of the stream, and maintaining it to a specified depth. The property sought to be subjected to an easement of flowage as described in the notice of condemnation includes both the land bounded by the stream and the bed of the river to the center, and the amount of interest therein sought to be taken is the right to flow-back water to the contour mark as indicated on the map attached, with the further rights as described in the notice of condemnation. We think the description sufficiently specific, and that the court erred in holding otherwise.          *Judgment reversed. All the Justices concur.*