## GLIDDEN COMPANY *v.* CITY OF COLLINS.

ATKINSON, Presiding Justice. 1. In section 51 of the charter of the City of Collins (Ga. L. 1905, pp. 740, 754), it is declared that the city "shall have full power and authority to condemn property for the purpose of opening . . new streets . . and whenever the city council shall desire to exercise the power granted in this section, it may be done . . in the manner provided in sections 4657 and 4686 of volume 2 of the Code of 1895 [Code of 1933, §§ 36-301, 36-502] and act amendatory thereof." These sections of the Code taken alone do not provide a method. In these circumstances the general law of the State (Code, § 36-301 et seq.) prescribing the procedure and the method of ascertaining the damages becomes by implication a part of the municipal charter. *Stowe* v. *Newborn,* 127 *Ga.* 421 (3) (56 S. E. 516). Therefore the City of Collins has charter authority for exercise of the power of eminent domain for the purpose of opening a street through private property.

2. Preliminary to the exercise of such power for the purpose of opening a public street it is incumbent upon the city to serve a notice upon the owner of the property sought to be condemned, Code, § 36-304, which "shall describe the property," Code, § 36-313, with the same definiteness as is required in a deed of conveyance of land. *Central Georgia Power Co.* v. *Maddox,* 135 *Ga.* 246, 247 (69 S. E. 109).

3. In the instant case the preliminary notice stated the land intended to be condemned as "One and twelve-thousandths (1.012) acres, . . bounded north by lands of . . W. H. Yeomans and other lands of the Glidden Company [condemnee], east by a street, south by other lands of the Glidden Company, and west by Jones Street; said lands being more particularly described by reference to the fact that it is all that portion of land belonging to the Glidden Company which lies within the right of way of lines as shown on the plans of post-road project number 46, which plans are on file in the office of the State Highway Board of Georgia, Atlanta, Georgia. Said right of way is 50 feet in width and begins at station 9 plus 38, which is the boundary line between lands of the Glidden Company and Jones Street and ex-

tends to station 20 plus 00 which is the boundary line between lands of the Glidden Company and an unnamed city street,—an approximate length of 1062 lineal feet."

*Held,* The notice alleged in the petition and set forth therein by exhibit contained a sufficiently definite description of the land sought to be condemned.

(*a*) There was evidence sufficient to authorize the judge to find there was a previous bona fide effort to procure the property by contract of purchase.

(*b*) The judge did not err under the pleadings and evidence in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 13110. FEBRUARY 15, 1940.

*P. M. Anderson,* for plaintiff.
*M. W. Eason* and *John P. Rabun,* for defendant.