GUNN *v.* GEORGIA POWER COMPANY; *et vice versa.*

Nos. 16531, 16532.   MARCH 16, 1949.

86

*Pierce Brothers,* for plaintiff.

*J. Cecil Davis* and *Hull, Willingham, Towill & Norman,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) "Any corporation or individual owning or controlling any water power, or location for steam plant hereinafter mentioned, and operating or constructing or preparing to construct thereon a plant or works for generating electricity by water or steam power, to be used for the purpose of lighting towns or cities, or supplying motive power to railroad or street car lines, or supplying light, heat or power to the public, shall have the right to purchase, lease or condemn rights of way or other easements over the lands of others in order to run lines of wires, maintain dams, flow backwater or for other uses necessary to said purposes, upon first paying just compensation to the owner of the land to be affected." Code, § 36-801.

Preliminary to the exercise of such power for the purpose of erecting an electric line with necessary poles and fixtures, it is incumbent upon the power company to serve a notice on the owner of the property sought to be condemned (Code, § 36-304), which notice "shall describe the property" (Code, § 36-313) with the same definiteness as is required in a deed of conveyance of land. *Central Ga. Power Co.* v. *Maddox,* 135 *Ga.* 246, 247 (69 S. E. 109); *Glidden Co.* v. *City of Collins,* 189 *Ga.* 656 (2) (7 S. E. 2d, 266).

In the present case, the notice to condemn stated in part that the power company "is proposing to transmit and distribute electricity, with wires, fixtures and appliances erected on wooden poles, wooden frames, steel poles, and steel frames or steel towers. . . In order to transmit electric power and current to be used for the purposes aforesaid it is necessary to obtain an easement for a right-of-way across said land belonging to said condemnee for the purpose of erecting an electric line or lines, with necessary poles, and fixtures. . . The amount of interest sought to be condemned being an easement for a right-of-way as hereinbefore described across said property, with the continuous right from time to time to go in and upon said right-of-

way and to construct, erect, install, operate, maintain, inspect, reconstruct, repair, rebuild, renew and replace thereon necessary poles, with the right to attach to said poles necessary wires, fixtures and appliance, including communication lines and overhead and underground protective wires, for the proper transmission of electricity, with the right to brace the poles with such anchors, guy wires and supports as may be necessary to hold said poles firmly in position; also the right to clear, keep clear and to remove from said right-of-way all undergrowth, trees and other obstructions, objects and structures, and to cut away and remove such trees adjacent to said right-of-way that may interfere with, injure or endanger said line or lines or the power operation and maintenance thereof; also the right of ingress and egress, at any and all times, to and from said right-of-way, by the nearest and most practical route, using existing roads as far as possible. . . All of the land actually taken will be that occupied by said wires, guy wires, anchors, braces, supports and poles; the land between the poles may be used by the owners of said lånd, or their assigns, for agricultural or similar purposes, provided such use is not inconsistent with the rights sought to be condemned and further that such use does not interfere with, injure or endanger said poles, wires, lines, and the construction, erection, installation, operation, maintenance, inspection, reconstruction, repairing, renewal, replacement and the rebuilding thereof and the uses for the purposes hereinbefore stated."

The above notice and the plat attached thereto fail to show any width of the right-of-way sought to be condemned, or any key as to such width. It follows that the notice alleged in the petition and set forth by exhibit thereto did not contain a sufficiently definite description of the land sought to be condemned. The condemnee was entitled to know what land the power company sought to condemn, and in the absence of a notice showing a definite description, the trial court erred in denying a temporary injunction.

In this view it becomes unnecessary to pass on the judgment overruling the demurrer to the answer.

From what is said above it follows that the court properly overruled the defendant's general grounds of demurrer to the petition as amended, since the allegations showed that the notice

to condemn did not contain a sufficient description of the property. The objections urged by special grounds of demurrer were properly met by amendment, and the court did not err in overruling the same.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*