22456. EDWARDS et al. v. UNITED STONE & ALLIED PRODUCTS WORKERS OF AMERICA, AFL-CIO, CLC, et al.
22457. QUINTON et al. v. EDWARDS et al.

SUBMITTED APRIL 14, 1964—DECIDED JULY 14, 1964.

*Poole, Pearce & Hall, Thomas L. Carter, Jr.,* for plaintiffs in error (Case No. 22456).

*Adair, Goldthwaite, Stanford & Daniel, T. Emory Daniel,* contra.

*Adair, Goldthwaite, Stanford & Daniel, T. Emory Daniel,* for plaintiffs in error (Case No. 22457).

*Poole, Pearce & Hall, Thomas L. Carter, Jr.,* contra.

ALMAND, Justice. The judgment under review in the main bill of exceptions is one sustaining the general demurrers to a six-count petition seeking legal and equitable relief. The cross bill of exceptions assigns error on the making of the United Stone & Allied Products Workers of America, AFL-CIO, CLC, a party defendant in error.

Milton Edwards and eight other named persons brought this action in their individual capacity and as class representatives of the members of a voluntary association operating as a labor union under the name of Local Union No. 147, Tate, Nelson and Marble Hill, Georgia, United Stone & Allied Products Workers of America, AFL-CIO, CLC. The named defendants were a voluntary association, the United Stone & Allied Products Workers of America, AFL-CIO, CLC, and certain named individuals

as members of such organization, one of whom was an official of such organization. It was alleged that prior to June, 1962, the voluntary association, hereinafter referred to as "Local 147," possessed certain real and personal property which was derived wholly from contributions, dues and fees paid by the members of Local 147; that the defendant Scott, President of the defendant United Stone Workers, AFL-CIO, CLC, hereinafter referred to as the "International Union," with other named defendants seized and assumed control and custody of all the property and assets of Local 147, and denied the petitioners and the class they represent, the members of Local 147, the use and benefit of such assets. Their prayers were for (a) an injunction as to the disposition of the local property and assets; (b) a receivership; (c) an accounting; and (d) damages.

The petitioners subsequently amended their petition. The general demurrers of the individual defendants to the amended petition were sustained with leave granted the plaintiffs to amend within a stated period of time. During the granted period the plaintiffs filed an amendment in which they substituted a six-count petition for the first amended petition in its entirety.

The six-count petition names the same parties as contained in the original petition. In general the six counts all allege that: petitioners are members of Local 147 and represent all of the class who are members of the Local other than the named individuals who are acting on behalf of the International Union; that prior to June 28, 1962, Local 147 owned and possessed certain listed items of real and personal property which were derived from the dues, contributions and moneys paid by the members of Local 147; that the individual defendants acting with the International Union have seized possession of all the assets of Local 147 and converted such assets to their own use and the plaintiffs have been denied the enjoyment and use of such properties. The only difference in the several counts is that two counts charge that Local 147 has ceased to exist and two counts charge that the acts of the defendants have interfered with and paralyzed the operation of Local 147, and the differences in the prayers for relief. The general demurrers to each count on the grounds that (a) the petition fails to set forth a cause of action;

(b) fails to set forth any ground of equitable relief; and (c) fails to show a basis for any relief, legal or equitable, were sustained. The general demurrer to all counts except No. 4, on the ground that the petitioners as members of Local 147 could not sue themselves as members of the International Union, was also sustained.

■ The plaintiffs assign error on the order sustaining the general demurrers to the first amended petition. During the period in which leave to amend was granted, the plaintiffs filed the amended six-count petition in which they substituted this petition in lieu of the original amended petition. By such action they voluntarily withdrew their original amended petition and it no longer constituted an in-court pleading. In such a situation they are not in a position to assert that the sustaining of the general demurrers was error. Such action constituted a waiver or estoppel to claim the order was erroneous. *Kent v. Barrett Oil Co.,* 217 Ga. 750 (125 SE2d 59).

■ In the main all of the allegations of the six counts charge that Local 147 on a named date owned and possessed certain properties, real and personal; that such assets resulted from the dues, fees, etc., paid by the members of the Local Union; that certain named individual members of the Local Union acting in conjunction with the International Union and its officers had seized possession and control of all the properties and assets of the Local Union and were using the same for their own use to the exclusion of the members of the Local Union; that their conduct had resulted in causing the Local to either cease to function or prevent its members from carrying on the function of the Local Union. The several prayers of the six-count petition were to restrain the defendants from disposing of the assets of the Local; an accounting; a receiver to be appointed to take charge of the assets; and for damages. The plaintiffs allege that they are members of Local 147 and represent as a class all of the members of the Local except the several defendants who are acting for and with the International Union.

(a) The allegations in the petition are sufficient to show this to be a class action in which the plaintiffs assert that they represent a majority of the members of a voluntary association in which all members have a common interest in the assets of the

association. *Code* § 37-1002. *O'Jay Spread Co. v. Hicks*, 185 Ga. 507 (1) (195 SE 564).

(b) This action is allowable under the provisions of the Act of 1959 (Ga. L. 1959, pp. 44-45; *Code Ann.* §§ 3-118—3-121), which permits suits against unincorporated associations and provides for service of process on any officer or official member of any branch or local of any organization or association. The petition alleged that the defendant, United Stone & Allied Products Workers of America, AFL-CIO, CLC, carried on its business in Pickens County and one of the individual defendants was an officer and agent of the International Union and the record shows that he was served with the complaint, though no defensive pleading was filed by the International Union. The unincorporated defendant, under the Act of 1959, is properly before the court.

(c) Count No. 3 charges that the defendants are in possession and control of a parcel of real estate on which is located a building that had been used as the meeting hall and headquarters of Local 147. It is alleged that the described real estate was bought from funds wholly contributed by the members of the Local Union, but the defendants have taken possession of such property and are excluding the plaintiffs and the other members of the Local from the use and enjoyment of said realty. Attached to the petition is a copy of a warranty deed to a described tract of improved real estate in which the grantee is Local 147 of the United Stone & Allied Products Workers of America, AFL-CIO, CLC.

The allegations in this count, as against the general demurrers, are sufficient to show that the members of Local 147 have been denied the use and enjoyment of the real estate belonging to the Local Union.

(d) One of the grounds of the general demurrers to five counts of the petition is that the petitioners are not only members of Local Union 147 of the United Stone & Allied Products Workers of America, AFL-CIO, CLC, but are also members of the International Union and cannot in law sue themselves as members of the International Union.

There are no allegations in the petition that disclose that, by

reason of the laws, rules or regulations of the Local or International Union, membership in the Local constitutes membership in the International Union. On the contrary the allegations of the petition show that the property and assets of the Local Union were solely acquired, owned and used for the benefits of the Local Union as a result of the funds contributed by members of the Local Union. "As a general rule a local union affiliating with a parent association does not by such affiliation lose its character as a separate and distinct voluntary organization." 87 CJS 840, Trade Unions, § 43c. The five counts of the petition were not subject to general demurrer on the ground that the plaintiffs were suing themselves as members of the International Union.

(e) It is contended that the petitioners are not in a position to question the acts of the officers of the Local Union and they have not exhausted their remedies within the Local Union. Bearing in mind that the named defendants are charged with taking possession and control of the real and personal property of the Local Union to the exclusion of the members whose moneys bought the assets, the question is posed as to what is the legal relation between the members of the Local Union and the unincorporated association. The general rule as stated in 87 CJS 781, § 16, is that the "Assets of a trade union are trust funds, and are held for the benefit or use of the members thereof. Each member of a local union has an interest in the entire assets and property thereof." The ownership of any property or funds acquired or held by the union is vested in the members jointly. Id., p. 827, § 38. "The courts will safeguard the substantial rights of the members from impairment by unconformable, irresolute, despotic, unlawful, or iniquitous action. Further, where civil or property rights are involved, and, under other circumstances, where contract rights are involved, the court will take jurisdiction." Id., p. 855, § 48.

All of the counts of the petition are sufficient to charge the defendants with misuse of trust funds of which use the plaintiffs and the class they represent are being denied the use and enjoyment.

(f) Equity has jurisdiction over matters of accounting where

the account is of a trust fund. *Code* § 37-301. All persons who aid or assist trustees with knowledge of the misconduct of the trustees in misapplying trust funds are directly accountable to the persons injured. *Code* § 108-423.

Each count of the petition either prays for an equitable accounting or that the defendants be enjoined from disposing of the assets of the Local Union or denying the members of the Local Union the use and enjoyment of the assets. As against the general demurrer to each count, the allegations of each count show that the plaintiffs allege a cause or causes of action. Whether the plaintiffs are entitled to other equitable or legal relief need not now be determined.

■ On the presentation of the bill of exceptions the individuals designated as defendants in error objected to the naming of United Stone & Allied Products Workers of America, AFL-CIO, CLC, as a defendant in error in that (a) such organization was not designated a party in the petition or amendments and, (b) has never been served as a party defendant. The court by written order denied the motion. Error is assigned on this order in the cross bill.

The record discloses that the United Stone & Allied Products Workers of America, AFL-CIO, CLC, a voluntary association, was named as a party defendant and one Marvin Blaylock was named as a defendant and alleged to be an official representative of such organization. The return of the sheriff shows that a return of service was made not only in the name of the organization but also service on Blaylock as the official representative of such organization. The record does not disclose that any traverse of the entry of service was filed by the organization or by Blaylock.

The entry of service by the sheriff prima facie imports absolute verity, *Perry v. Tumlin*, 161 Ga. 392 (131 SE 70), and is conclusive until traversed and found to be untrue by the jury. *Kimsey & Dopson v. Macon Lmbr. Co.*, 136 Ga. 369 (71 SE 675).

The court did not err by refusing to strike such organization as a party defendant in error.

The court erred in sustaining the general demurrers to each of the six counts of the petition.

Comment on the state of the record: *Code Ann.* § 6-801 requires the plaintiff in error in his bill of exceptions to specify the portions of the record as are necessary to a clear understanding of the errors complained of. In this case the plaintiffs in error specified the "defendants' demurrers." The record not only contains the general demurrers to the original petition and the two amended petitions but 285 grounds of special demurrers consisting of 60 pages, all of which were unnecessary parts of the record. Compliance with *Code Ann.* § 6-801 not only lessens the cost to the appellant but conserves space in the office of the clerk of this court. Space now is an important factor in the matter of costs not only in the lawyer's office but in the offices of the appellate court clerks.

It is ordered that the plaintiff in error be assessed the costs of bringing 60 pages of the record to this court.

*Judgment on the main bill of exceptions reversed. Judgment on the cross bill affirmed. All the Justices concur.*