## 56373. MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION v. REYNOLDS.

BIRDSONG, Judge.

Appellant, Mutual Federal Savings & Loan Association of Atlanta, brought suit against multiple defendants upon a note executed by the various defendants, said note being secured by real estate. Upon the note coming into default, Mutual Federal foreclosed on the collateral, and a deficiency resulted. On March 2, 1977, Mutual Federal successfully caused the sale to be confirmed and sought recovery of the deficiency from the defendants; service was obtained upon all the defendants still residing within the State of Georgia. Relying upon Ga. L. 1970, pp. 443, 444 (Code Ann. § 24-113.1), the "Long Arm Statute," service allegedly was effected upon the appellee Reynolds where he resided in the State of Virginia. In its complaint, Mutual Federal explicitly recognized Reynolds was no longer a resident of the State of Georgia, but alleged that Reynolds was subject to the jurisdiction of the trial court pursuant to Code Ann. § 24-113.1. Five months after the answer was due, Reynolds filed an answer to the complaint in which he denied proper service and therefore denied jurisdiction of the court and denominated his answer as a special appearance only.

A chronology of these pleadings shows that the complaint was filed in May, 1977. The answer was filed in September, 1977. On November 18, 1977, Reynolds moved to dismiss the complaint. On November 29, 1977, Mutual Federal moved to strike Reynolds' answer and for default judgment. The trial court ruled upon Mutual Federal's motion to dismiss the answer filed by Reynolds and default judgment by finding that the court had no jurisdiction over Reynolds, there being no waiver of

service. Mutual Federal enumerates as error the dismissal as to Reynolds for lack of jurisdiction. *Held:*

We affirm. On the face of its pleadings, Mutual Federal implies that at the time of the accrual of the action Reynolds was a resident of the State of Georgia. By its plain language, Code Ann. § 24-113.1 is applicable only to those who are "nonresidents" at the time of the accrual of the action in accordance with the requirements of Code Ann. § 24-115. However, Code Ann. § 24-117 provides that, for purposes of Code Ann. § 24-113.1, the term "nonresidents" shall include those who were residents at the time of accrual of the cause of action and thereafter become domiciled outside this state. Thus, as Reynolds was a legal resident of Georgia on the date that the cause of action accrued (i.e., the signing of the note in question), and thereafter became a nonresident by moving out of the state, he would be amenable to service under the provisions of Georgia's Long Arm Statute, subject to the requirements of Code Ann. § 24-115, supra.

There is no document in the record before this court showing the date of service upon Reynolds or by what means service, if any, was accomplished, although there is an assertion in the briefs that some form of process was given to Reynolds on or about May 19, 1977. However, this court is a court for the correction of errors and its decisions must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. *Jenkins v. Bd. of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204). Reynolds expressly denied proper service and his answer expressly denied jurisdiction. Thus, a clear issue of proper service upon Reynolds was presented to the trial court for its resolution.

In its order, the trial court affirmatively found, after a hearing upon this issue with all counsel present, that it had no jurisdiction over the person of Charles Reynolds and that there had been no waiver of service. Thus, in its only ruling relating to Reynolds, the trial court dismissed the complaint as to him. Accepting as fact that Reynolds was served with a second original of the complaint on May 19, 1977, a fact of which the trial court was aware, the record is otherwise devoid of any showing that such service was proper and in accord with Code Ann. § 24-115,

supra. Where the trial judge passes on the sufficiency of the evidence and determines a controverted issue of fact, we must assume in the absence of that evidence that the trial court properly exercised its judgment and discretion. *U. S. Fidelity &c. Co. v. Ga. Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831 (191 SE2d 893). He found no legal service. In the absence of proper service, the court lacked jurisdiction to proceed against Reynolds and correctly dismissed the complaint as to Reynolds. *Tuten v. Tuten,* 227 Ga. 228 (180 SE2d 233).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 30, 1978.

*Kennedy & Sampson, John L. Kennedy,* for appellant.
*Siegel & Grude, Alvin N. Siegel,* for appellee.