## 71271. TURNER v. CITY OF NASHVILLE.
### (340 SE2d 619)

DEEN, Presiding Judge.

Alethea Turner appeals from the judgment of the Berrien County Superior Court adopting the award of a Special Master in a condemnation proceeding which involved a sewer easement across land owned by appellant. After the case made a premature trip to this court, the judgment achieved finality when the trial court, after a hearing, overruled appellant's objections to the Special Master's findings. On appeal Ms. Turner enumerates as error the trial court's rulings that the use to which appellee intended to put the subject land was a public use, and that the property description filed with the condemnation petition was legally sufficient. She also assigns as error the trial court's denial of her motion for continuance on the ground of surprise. *Held:*

1. Our examination of the record persuades us that the property

description contained in the condemnation petition and related documents is legally sufficient. One of the exhibits clearly shows a line traversing appellant's land, with courses and distances noted. The other plats and drawings of record clearly indicate the location of the property affected, as well as the exact location of the proposed easements and their width and length. *Gunn v. Ga. Power Co.*, 205 Ga. 85 (52 SE2d 449) (1949), and *City of Atlanta v. Airways Parking Co.*, 225 Ga. 173 (167 SE2d 145) (1969), cited by appellant, state the appropriate standard of definiteness but are distinguishable in that the condemnation petitions or notices in those cases do not contain the definite description which the petition in the instant case exhibits. This enumeration is without merit.

2. The grant or denial of a motion for continuance is a matter within the sound discretion of the trial court. OCGA § 9-10-167 (a). On appellate review it will not be disturbed absent manifest abuse. *Clark v. State*, 159 Ga. App. 438 (283 SE2d 666) (1981). In the instant case, some weeks or months before the trial, appellee had secured witnesses to testify to the value of the land, and had notified appellant of these witnesses' names and the substance of their testimony. Upon learning, a few days prior to trial, that some of these persons were out of town or otherwise unavailable, appellee arranged with four other persons, who were also in a position to know the land's value, to testify in the stead of the original witnesses. Appellant was notified on the day before trial that these substitute witnesses would testify on the points which the originally scheduled witnesses would have covered.

After receiving this notice of the substitution of these witnesses, appellant, at approximately 1:15 p.m. that day, moved for a continuance on the ground of surprise, alleging that time was needed for deposing or interviewing the new witnesses. The court informed counsel that the motion would be heard the next morning by the judge who was to preside at the trial. The next morning at approximately 9 o'clock the trial judge instructed appellant's counsel to interview the witnesses during the three or more hours then remaining before 12:30, the time at which the trial was scheduled to commence, with the proviso that a continuance would be granted should the witnesses be unavailable for interviewing during that time. Appellee's counsel stated that all the substitute witnesses would be available not later than 10:00 a.m. At 11:30 appellant's counsel reported to the court that interviews with two of the four new witnesses had been completed, and that the interview with the third was nearly complete. The court then announced that the trial would not actually begin at the originally scheduled 12:30 hour, but rather at some time after two o'clock, and instructed counsel to continue with the interviews and complete them during that time. When counsel replied that she preferred to take a

lunch hour first, the court suggested a briefer lunch period and again exhorted her to complete the interviews. At trial time, the court denied the motion for continuance.

In the given fact situation — the substance of the new witnesses' testimony was known, and the time allowed by the court for interviewing them on an uncomplicated matter was certainly sufficient to permit a competent and reasonable attorney to accomplish this — we find no abuse of discretion and therefore affirm the judgment below.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986 —
REHEARING DENIED FEBRUARY 4, 1986 — 

*Elsie Higgs Griner, Galen P. Alderman*, for appellant.
*William S. Perry, Mitchell O. Moore*, for appellee.