A90A0621. DENNY v. CROFT.
(395 SE2d 72)

COOPER, Judge.

In October 1988, appellant filed an action in the Superior Court of Morgan County against appellee, individually and in his capacity as deputy sheriff of Morgan County seeking damages as a result of an alleged unlawful arrest and battery. In February 1989, appellee, who then resided in the State of Florida, was given a copy of the complaint by an agent of the Georgia Bureau of Investigation ("GBI"), who was in Florida to serve him with a copy of a subpoena to testify before a federal grand jury. Appellee contacted the Morgan County Sheriff's Department about the lawsuit, and was told that the sheriff's department was handling the matter. Appellee took no further action until June 1989 when he retained an attorney, who filed on his behalf, a motion to open default and a motion to dismiss the complaint for insufficiency of service. The trial court granted appellee's motion to dismiss for insufficiency of service, and in the alternative opened the default and this appeal followed.

1. Since appellant's brief and enumeration of errors were filed in compliance with our order dated February 1, 1990, appellee's motion to dismiss the appeal is denied.

2. Appellant contends that the trial court erred in finding that service was insufficient. A defendant who is in default does not waive defects in service. *Dotson v. Luxtron*, 155 Ga. App. 504, 505 (271 SE2d 644) (1980). Appellee was a resident of the State of Georgia at the time the cause of action accrued, and thereafter became a resident of the State of Florida; therefore, service should have been perfected on him in accordance with the Georgia Long Arm Statute. *Mutual Fed. Savings &c. Assn. v. Reynolds*, 147 Ga. App. 810, 811 (250 SE2d 556) (1978). Georgia's Long Arm Statute provides that a nonresident "may be served with a summons outside the state in the same manner as service is made within the state *by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction.*" (Emphasis supplied.) OCGA § 9-10-94. The GBI agent who served appellee was not

authorized to serve process under either Georgia or Florida law; nor does the record show that he had been specially appointed by the court of either state to serve the complaint on appellee. Since the GBI agent was without authority to serve process, his attempt to do so was without effect. *Townsend v. Williams*, 170 Ga. App. 766 (318 SE2d 510) (1984). Furthermore, " '[t]hat (appellee) may have received a copy of the complaint and summons in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with a valid service. (Cit.)' [Cits.]" *Townsend v. Williams*, supra. In the absence of proper service, no jurisdiction over the defendant is obtained by the court. *Elmore v. Elmore*, 177 Ga. App. 682 (2), 683 (340 SE2d 651) (1986). Accordingly the trial court did not err in dismissing the complaint against appellee for insufficiency of service of process.

3. Because we conclude that the service was invalid, appellant's second enumeration of error that the trial court erred in opening the default is moot.

4. We find no error with the trial court's denial of a continuance to appellant. A denial of a motion for continuance is within the sound legal discretion of the trial court and will not be disturbed absent manifest abuse. *Turner v. City of Nashville*, 177 Ga. App. 649, 650 (2) (340 SE2d 619) (1986).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1990.

*E. Ronald Garnett*, for appellant.
*Lambert & Roffman, Allan R. Roffman*, for appellee.