RUSSELL, Judge.
Belmonte Hills Owners’ Association, Inc., brought an action in the trial court to enforce a foreign judgment which had been entered against Trellie L. Jeffers in the Superior Court of Fulton County, Georgia. The trial court granted Belmonte Hills’ application for default, stating that the Georgia judgment is valid and is entitled to full faith and credit and finding that Belmonte Hills was entitled to recover $2,324.35 from Jeffers. Jeffers filed an apparent answer the day after the default judgment was entered and then filed a motion to set aside the order and a motion “to set defendant’s motion for new trial at the court’s earliest convenience.” Following an ore tenus proceeding, the trial court entered a final judgment, finding that Jeffers had offered no evidence as to the validity of the Georgia judgment, that the judgment is entitled to full faith and credit, that, if the Georgia judgment is subject to be set aside, it should be done in the state of Georgia, and again ordering that Belmonte Hills recover $2,324.35, plus costs, against Jeffers. Jef-fers appeals. We affirm.
Jeffers contends that the trial court has the authority to investigate the jurisdiction of a court of a sister state when this state has been asked to enforce a judgment rendered in the sister state and that the evidence presented was sufficient to prove that Jeffers was not served in the Georgia proceedings.
The judgment of a sister state’s court which has jurisdiction of the subject *77 matter and persons is entitled to full faith and credit in Alabama courts. Hester v. Clinic Masters, Inc., 371 So.2d 915 (Ala.Civ.App.1979), cert. denied, 371 So.2d 917 (Ala.1979). When a sister state’s judgment is authenticated and produced at trial, it is presumed that the court rendering that judgment had jurisdiction to do so, and the burden is on Jeffers as the challenger of the judgment to assert and produce evidence to challenge the judgment and to overcome the presumption. Teng v. Diplomat National Bank, 431 So.2d 1202 (Ala.1983).
Our determination of the validity and effect of a foreign judgment is based on the law of the state in which the judgment was rendered. Id. In Georgia the court lacks jurisdiction where there is not proper service. Mutual Federal Savings & Loan Association v. Reynolds, 147 Ga.App. 810, 250 S.E.2d 556 (1978). However, “[t]he entry of service of the sheriff or his deputy imports verity” and may be denied and impeached by evidence which is clear and convincing and also is the strongest that may be admitted. Hickey v. Merrit, 128 Ga.App. 764, 766, 197 S.E.2d 833, 834 (1973). The entry of service is conclusive until denied and found to be untrue by the jury. Edwards v. United Stone & Allied Products Workers of America, 220 Ga. 183, 137 S.E.2d 632 (1964).
Jeffers testified that she was never served a summons, apparently referring to the Georgia action as she admitted at the hearing that she was served in the Alabama proceeding, and stated that she learned about the judgment when she “got a judgment” and took it to several attorneys. She further testified that she lived at 710B West Battle Street (the address on the summons in the Georgia case) until August 1986, that she subsequently lived at 812 West Battle for three years, and then moved to 708 West Battle. Although she mentioned various leases that would support this testimony, these leases were not produced and admitted into evidence and are not part of the record. Jeffers claims that her testimony is sufficient to dispute the evidence of a return on a summons, which was signed by a deputy sheriff and which states that Jeffers was served. Clearly, she lived in the neighborhood, and it is conceivable that the deputy sheriff was able to locate her at the correct address to perfect service. In addition, the entry of service was not found to be untrue by the trial court.
Based on the above, we find that Jeffers failed to meet her burden in challenging the judgment and that the trial court did not err in granting full faith and credit to the Georgia judgment.
This cause is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.