HIRSCH *v.* SHEPHERD LUMBER CORPORATION.

No. 14134. MAY 28, 1942.

*Bryan, Carter & Ansley* and *Yantis C. Mitchell,* for plaintiff.
*Powell, Goldstein, Frazer & Murphy,* for defendant.

BELL, Justice. The Court of Appeals certified two questions, one being as follows: "Where a non-resident corporation has an office and place of business in a county in this State, which is in charge of an agent upon whom service of a suit against the corporation can be legally had, is such corporation a non-resident of this State within the meaning of the non-resident motorist act of 1937 (Ga. L. 1937, pp. 732-734), so as to authorize the mainte-

■

nance of a suit against such corporation, under and by virtue of said act, in a county in this State where the corporation has no office, place of business, or agent?"

Section 1 of the act in question provided as follows: "That the acceptance by any non-resident of this State, whether a person, firm, or corporation, of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by any such non-resident on the public highways, streets of any incorporated or unincorporated municipality, or public roads of this State, shall be deemed equivalent to the appointment, by such non-resident user of said highways, streets, or public roads, of the Secretary of the State of Georgia, or his successor in office, to be his true and lawful attorney in fact upon whom may be served all summons or other lawful processes in any action or proceeding against any such user, growing out of any accident or collision in which any such non-resident user may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on any such highways, streets, or public roads in said State; and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served upon him personally." By section 3 it was declared that "all courts in the counties of this State, now having jurisdiction of tort actions and criminal actions, shall have jurisdiction of all such non-resident users in actions arising under this act." Other provisions of the act do not appear to be material in this connection, and need not be stated.

The word "non-resident," as it first appears in the question, was evidently used in the sense of "foreign;" and so the inquiry is whether the statute applies to a foreign corporation having an office and place of business in a county of this State, in charge of an agent upon whom service of a suit against it can be lawfully made. As thus construed, we think the question should be answered in the negative.

According to numerous decisions by this court, a foreign corporation doing business in this State may, for the purpose of a suit against it, be treated as a resident of this State and of any county in which it has an agent upon whom service can be perfected.

*City Fire Insurance Co.* v. *Carrugi,* 41 *Ga.* 660; *Williams* v. *East Tennessee, Virginia & Georgia Railway Co.,* 90 *Ga.* 519 (16 S. E. 303); *Saffold* v. *Scottish American Mortgage Co.,* 98 *Ga.* 785 (27 S. E. 208); *Reeves* v. *Southern Railway Co.,* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207); *Hawkins* v. *Fidelity & Casualty Co.,* 123 *Ga.* 722 (51 S. E. 724); *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (2), 750 (53 S. E. 244, 110 Am. St. R. 191); *Harvey* v. *Thompson,* 128 *Ga.* 147 (2), 154 (57 S. E. 104, 9 L. R. A. (N. S.) 765, 119 Am. St. R. 373); *King* v. *Atlantic Coast Line Railroad Co.,* 160 *Ga.* 842 (129 S. E. 86).

The Code, § 22-1101, provides that service of process necessary to the commencement of any action against any corporation in any court, except as otherwise provided, "may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." This section was codified from an act of the General Assembly passed in 1845, and as far back as *City Fire Insurance Co.* v. *Carrugi,* supra, it was held to embrace foreign corporations. That case was decided in 1871, and so, for nearly seventy years before the non-resident motorist act was passed, it was the settled law of this State that a foreign corporation having an office and place of business in this State, in charge of an agent upon whom service might be lawfully made, could as a general rule be sued and served in the same manner as a domestic corporation. Evidently, therefore, the non-resident motorist act was not intended to deal with that problem, but its main and controlling purpose was to provide a ready and efficient remedy in this State for injuries occasioned by the negligent operation of motor vehicles upon the highways of this State by non-residents who are merely passing through or have no fixed residence or place of business here where they may be readily found and sued, and thus to relieve the persons claiming to have been damaged from the necessity of pursuing them into some other State for the purpose of obtaining redress. See in this connection *Hess* v. *Pawloski,* 274 U. S. 352 (47 Sup. Ct. 632, 71 L. ed. 1091); *Jones* v. *Pebler,* 371 Ill. 309 (20 N. E. 2d, 592, 125 A. L. R. 451).

The General Assembly in passing this statute presumably acted

with full knowledge of the existing condition of the law, including decisions of the courts, and therefore the statute should be construed in harmony therewith, in the absence of anything to show a contrary intention. "It is dangerous to imply a legislative intent contrary to previous legislation, from doubtful expressions which may admit of different interpretations." *Trustees of First Methodist Church* v. *Atlanta, 76 Ga. 181 (3b), 182; Columbus Mutual Life Insurance Co.* v. *Gullatt, 189 Ga. 747 (8 S. E. 2d, 38); Botts* v. *Southeastern Pipe-Line Co., 190 Ga. 689, 700 (10 S. E. 2d, 375).*

Since the manifest purpose of the act of 1937 was to provide for situations in which aggrieved parties might find themselves without remedy or substantially remediless in the courts of this State, and since as against foreign corporations doing business here no such lack of remedy existed, it would seem perfectly clear that corporations of that class are not within the intent and purview of such statute. In short, under the old law, such a corporation was a "resident" for the purpose of an ordinary suit against it, and the new law evinced no intention to change its status in this respect. Thus, considering "the old law, the evil, and the remedy" (Code, § 102-102(9), we are of the opinion that a foreign corporation which has an office and place of business in this State, and an agent in charge upon whom service can be perfected, is not a "non-resident" within the meaning of the so-called non-resident motorist act. See Windham v. Pace, 192 S. C. 271 (6 S. E. 2d, 270); McConnell v. Carribean Petroleum Co., 274 N. Y. 189 (15 N. E. 2d, 573, 575); Merkin Paint Co. v. Riccardi, 124 N. J. Eq. 597 (3 Atl. 2d, 890); Kalamazoo Looseleaf Binder Co. v. Curran Printing Co. (Mo. App.) 242 S. W. 982; Suit v. Shailer, 18 Fed. Supp. 568; Power Manufacturing Co. v. Saunders, 274 U. S. 490 (47 Sup. Ct. 678, 71 L. ed. 1165); Phillips Petroleum Co. v. Smith, 177 Okla. 539 (61 Pac. 2d, 184, 107 A. L. R. 858); 23 Am. Jur. 521-523, § 503.

This conclusion accords with the recent decision by this court in *Lloyd Adams Inc.* v. *Liberty Mutual Insurance Co., 190 Ga. 633 (10 S. E. 2d, 46),* where the same statute was held valid against certain attacks on constitutional grounds, but in which the present question was not involved.

The first question propounded by the Court of Appeals is an-

swered in the *negative;* and as no instruction was desired upon the second and only other question, unless the first question should be answered in the *affirmative,* the second question need not be stated or dealt with. *All the Justices concur.*