FEHN *et al. v.* SHAW, administrator, *et al.*

No. 15592.   NOVEMBER 13, 1946.

*McClure & McClure,* for plaintiffs in error.

*Gleason & Painter, Shaw & Shaw,* and *Andrew W. Cain Jr.,* contra.

WYATT, Justice.   The petition in this case contains the allegation that "Magdalena Fehn . . is a citizen and resident of Walker County, Georgia." In another paragraph it is alleged: "Magdalena Fehn was at the time of the death of Martin Fehn

. . a citizen of the German Reich and still is a German citizen and is an alien enemy." Construing the contradictory allegations of the petition most strongly against the pleader, as we must do, the petition shows that Magdalena Fehn, at the time of the filing of the petition, was a citizen of Walker County, Georgia, and hence a citizen of the United States.

The will in question appears to have been executed on March 20, 1939. The death of the testator is alleged to have occurred on May 1, 1941. The petition, therefore, makes the allegation that on May 1, 1941, and for some period of time thereafter, the length of time not being disclosed, the beneficiary under the will, Magdalena Fehn, was a German citizen; that we were at war with Germany, and since she thus became an alien enemy, she can not take under the devises contained in the will.

The first question presented is, when did we become involved in war with Germany? "The courts are bound by a declaration or determination by the proper department of government that a war exists, while until there has been such a declaration or determination the courts can not take judicial notice of the existence of a war by their government." 67 C. J. 336. The resolution of Congress declaring war on Germany was signed by the President on December 11, 1941. It follows that when the will in question was executed, and when the testator died, the beneficiary under the will was not an alien enemy, for the reason that this country was not on either of these dates at war with Germany.

At the time the petition alleges that the administrator "is threatening to assent to said bequests and devises and to deliver to the defendant Magdalena Fehn any and all real property belonging to the estate of Martin Fehn," the legatee is not shown to be an alien enemy, for the reason that the petition discloses her to be a citizen of this country. We are called upon to determine whether or not a petition, disclosing these facts, sets forth a good cause of action.

Our Code provides: "Aliens, the subjects of governments at peace with the United States and this State, as long as their governments remain at peace, shall be entitled to all the rights of citizens of other States resident in this State, and shall have the privilege of purchasing, holding and conveying real estate in this State." § 79-303. "By the common law, an alien may take by purchase, by grant, or by devise, but not by descent." 2 Am. Jur., Aliens,

476, § 28. By the great weight of authority the general rule in practically all jurisdictions seems to be correctly stated in 137 A. L. R. 1328, as follows: "The general rule appears to be that an alien enemy may take land by devise and hold it subject to the will of the government in which the land is situated; in other words, that the devise is not void except as against the government, whose will must be manifested by appropriate action."

This court, in *Hargroves* v. *Redd*, 43 *Ga.* 142, said: "A legacy in a will, to legatees capable of taking it at the time the will is made and also at the time of the death of the testator, is not void because there was a period intermediate between the making of the will and the death of the testator when the legatees were incapable of taking such legacy and the same was illegal and void."

It follows from what has been said above that there was no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*