## 49062. CHEELEY v. FUJINO.

EVANS, Judge.

A nonresident motorist (in this instance, an alien, citizen of Japan) was sued in Georgia for negligence in the operation of a motor vehicle upon the public highways of this state. Service was obtained through the Secretary of State under the Nonresident Motorist Act, and defendant answered and pleaded lack of jurisdiction of the State of Georgia of a foreign national. Defendant admitted he was driving an automobile upon the public highways of Georgia at the time of the collision with the plaintiff.

Plaintiff moved to strike the plea to the jurisdiction; and defendant moved for judgment on the pleadings. The motion to strike was denied; the judgment on the pleadings granted, and the petition dismissed. Plaintiff appeals. *Held:*

1. A person not a citizen, and temporarily

sojourning in this state, may be sued in any county thereof in which he may be found at the time he is sued, for the jurisdiction of this state extends to "citizens, denizens, or temporary sojourners." Code §§ 3-206, 15-202.

2. By comity, citizens of foreign states at peace with this state are allowed the privilege of suing in our courts, provided comity is extended in their courts. Code § 79-305.

3. Alien subjects of peaceful foreign governments shall be entitled to all rights of citizens of other states resident in this state. Code § 79-303; *Fehn v. Shaw,* 201 Ga. 517 (40 SE2d 547); *Simeonides v. Zervis,* 120 Ga. App. 883 (172 SE2d 649).

4. The main and controlling purpose of the Nonresident Motorist Act is to provide a ready and efficient remedy in this state for injuries occasioned by the negligent operation of motor vehicles upon the highways of this state by nonresidents having no fixed residence or place of business in this state where they may be readily found and served. *Hirsch v. Shepherd Lumber Corp.,* 194 Ga. 113 (20 SE2d 575). *Hirsch,* supra, uses this language, to wit: ". . . and thus to relieve the persons claiming to have been damaged from the necessity of pursuing them *into some other State* for the purpose of obtaining redress." (Emphasis supplied.) This language is not restrictive, but means that no matter where the tortfeasor may go, *after* using Georgia's highways and committing a tort by automobile thereon, the injured person may seek redress under the nonresident motorist statute, and may serve the nonresident as provided therein.

5. While the Nonresident Motorist Act is clearly in derogation of the common law (*Cheek v. Norton,* 106 Ga. App. 280, 283 (126 SE2d 816)) we find nothing in the statute restricting it to mere nonresident citizens of the United States. Nor do we find any language therein which would not allow it to be used against a foreign national as in this case. The law applies to all nonresident defendants in tort actions resulting from the use of the highways of this state. Code Ann. §§ 68-801, 68-803 (Ga. L. 1937, pp. 732, 733, 734); 1947, p. 305; 1955, p. 650; 1959,

pp. 120, 121; 1964, p. 299; 1967, pp. 800, 801).

6. Whether or not some other law or statute might allow removal of this case to a federal court is not here passed on.

7. The court erred in sustaining the motion for judgment on the pleadings and in denying the motion to strike as a claim is alleged against a party subject to the jurisdiction of this state by using the highways of said state.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 7, 1974 — DECIDED FEBRUARY 20, 1974.

*Ross & Finch, I. J. Parkerson, A. Russell Blanks,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for appellee.