## 38164. CROWDER v. GINN.

JORDAN, Chief Justice.

We decide this day that Ga. L. 1977, pp. 586, 587 (Code Ann. § 24-117) does not deny due process by defining the term "nonresident" as used in our Long Arm Statute so as to include a person who was a Georgia resident at the time a claim arose against him out of a motor vehicle collision occurring in Georgia, but who subsequently became a resident of another state before personal service was perfected upon him in the other state in accordance with the Statute.

Ginn, the defendant, was a resident of Bibb County on the date of the motor vehicle collision. The collision occurred in Bibb County. Ginn subsequently moved his residence to South Carolina, where he personally was served with process in this suit filed in the State Court of Bibb County. The trial court sustained his motion to quash service of process and dismissed the action. Crowder, the plaintiff, appealed. We reverse.

We have adopted the Illinois Rule of long arm jurisdiction, the premise of which is that " 'jurisdiction shall be exercised over nonresident parties to the maximum extent permitted by procedural due process.' " *Clarkson Power Flow v. Thompson,* 244 Ga. 300 (260 SE2d 9) (1979). Procedural due process permits jurisdiction of a Georgia court over a nonresident defendant "only if he has established 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with ' "traditional notions of fair play and substantial justice." ' " International Shoe Co. v. Washington, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945). *Clarkson Power Flow,* supra, at 301.

We overrule the decision of this court in *Young v. Morrison,* 220

Ga. 127 (137 SE2d 456) (1964), because *Young* relied upon the views of the Supreme Court of the United States expressed in the early case of Pennoyer v. Neff, 95 U. S. 714 (24 LE 565) (1877), rather than upon the more modern views of that court set forth in International Shoe, supra. See the dissenting opinion of Justice (now Presiding Justice) Hill in *Webb v. Oliver,* 234 Ga. 361, 362 (216 SE2d 76) (1975).

We hold that the due process clauses of our state and federal constitutions do not preclude defining the term "nonresident" for purposes of our Long Arm Statute so as to include a defendant who was a resident of Georgia on the date of an automobile collision in Georgia but who had become a resident of another state by the day on which he personally was served with process in the other state in accordance with the statute.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 27, 1982.

*Mullis, Reynolds, Marshall, Horne & Phillips, W. Carl Reynolds, Katherine L. McArthur,* for appellant.

*Martin, Snow, Grant & Napier, Hendley V. Napier,* for appellee.

*Michael J. Bowers, Attorney General, Mark H. Cohen, Staff Assistant Attorney General,* amicus curiae.