A91A0361. BAILEY v. HALL.
(405 SE2d 579)

BIRDSONG, Presiding Judge.
This is an appeal of an order by the superior court dismissing appellee, Stuart Hall, as a party defendant.
Appellant, Nichola Bailey, was injured in October 1986, when a car driven by her former husband, appellee Hall, collided with a car driven by defendant Walter Roger Bartee.
In October 1987, appellant commenced suit against defendant Bartee and defendant Nationwide Insurance Company. Defendants filed a third-party complaint against appellee Hall. Appellee answered and submitted defensive pleadings. In May 1989, appellant, with approval of the trial court, elected to dismiss the suit without prejudice. In August of 1989, appellant refiled her complaint against the two original defendants and the original third-party defendant Hall. *Held*:
1. Appellant contends that the trial court erred in ruling that appellee was not subject to the jurisdiction of the superior court. The trial record fails to reflect that the trial court made any such ruling, rather the trial court's order merely states that after considering the parties' briefs and cases cited, appellee Hall "should be and is hereby dismissed as a defendant."
Appellant basically asserts that jurisdiction vests under both the Georgia Nonresident Motorist Act, OCGA § 40-12-1 et seq. and the

Georgia Long-Arm Statute, OCGA § 9-10-91 (2). Appellee argues that pursuant to *Young v. Morrison*, 220 Ga. 127 (137 SE2d 456) the Nonresident Motorist Act does not apply to a "nonresident," like himself, as he was a Georgia resident at the time the cause of action arose (in this instance at the time of the automobile collision impact giving rise to the injury). The decision in *Young v. Morrison*, however, was overruled in *Crowder v. Ginn*, 248 Ga. 824 (286 SE2d 706). Nevertheless, examining the Georgia Nonresident Motorist Act, together with the definition of "Nonresident" contained in OCGA § 40-1-1 (30), we find that the statute applies only to those persons who were in fact nonresidents at the time they were exercising the rights and privileges referred to in OCGA § 40-12-1. The Nonresident Motorist Act, being in derogation of common law, must be strictly construed. *Ford Motor Co. v. Carter*, 239 Ga. 657, 659 (238 SE2d 361). Its main and controlling purpose "is to provide a ready and efficient remedy in this state for injuries occasioned by the negligent operation of motor vehicles upon the highways of this state *by nonresidents* having no fixed residence or place of business in this state where they may be readily found and served." (Emphasis supplied.) *Cheeley v. Fujino*, 131 Ga. App. 41 (4) (205 SE2d 83). To accomplish this purpose, OCGA § 40-12-1 (a) currently "permits an alleged *non-resident* tortfeasor *involved* in any motor vehicle accident to be served with process through the Secretary of State if the non-resident 'may be *involved by reason of the operation by him, for him, or under his control or direction*, express or implied, of a motor vehicle anywhere within the territorial limits of the State of Georgia.' " (Emphasis supplied.) *Hardin v. Wright*, 172 Ga. App. 644, 645 (323 SE2d 918). Thus, it appears that at the time of appellee's involvement in the automobile accident, he must have been a *nonresident*, within the meaning of OCGA § 40-1-1 (30) to be subject to the existing Georgia Nonresident Motorist Act. As appellee was a Georgia resident at the time of his involvement, jurisdiction could not be obtained over him by utilization of Nonresident Motorist Act procedures.

However, as appellee committed a tortious act within this state, he is subject to the superior court's jurisdiction under the state's long-arm statute, OCGA § 9-10-91 (2). This result obtains as the term "nonresident" for purpose of the long-arm statute is expressly defined to include "an individual . . . who, at the time a claim or cause of action arises under Code Section 9-10-91, was residing . . . in this state and subsequently becomes a resident . . . outside of this state as of the date of perfection of service of process as provided by Code Section 9-10-94." OCGA § 9-10-90. Moreover, the due process clauses of our state and federal constitutions do not preclude defining "nonresident" in such a manner for long-arm statute purposes. *Crowder v. Ginn*, supra. As appellee was a resident of Georgia when the cause of

action accrued, and thereafter became a resident of another state, he was subject to jurisdiction of the superior court, provided service of process was perfected in accordance with the long-arm statute. *Denny v. Croft*, 195 Ga. App. 871 (395 SE2d 72); *Smith v. Griggs*, 164 Ga. App. 15 (296 SE2d 87); *Mutual Fed. &c. Assn. v. Reynolds*, 147 Ga. App. 810, 811 (250 SE2d 556); see *Crowder*, supra.

2. Appellant asserts the trial court erred in ruling service upon appellee was improper. The record reflects service of process initially was attempted by mailing a copy of "complaint and process" by certified or registered mail to appellee at a certain Alabama address. Appellee acknowledges receipt of these documents on August 31, 1989, by certified mail. Subsequently, in September 1989, appellee filed both a motion to dismiss and a combined answer and defensive pleading in which he timely challenged the validity of service. On August 30, 1990, appellant/plaintiff filed a motion for special appointment of process server, and personal service of process was made upon appellee in Columbus, Georgia on September 12, 1990.

Service under the long-arm statute is governed by OCGA § 9-10-94, which provides that such service is the same as for persons found within the state under the CPA § 4 (OCGA § 9-11-4). *Lee v. Pace*, 252 Ga. 546 (315 SE2d 417). From the record, including appellant/plaintiff's affidavit of compliance for service of process upon a nonresident motorist, it is clear that service initially was attempted by forwarding via registered or certified mail a copy of the complaint and process to the appellee, and without publication thereof. The attempted service in this manner was ineffective, because this was a tort action seeking in personam jurisdiction against appellee. *Jones v. Cropps*, 197 Ga. App. 313, 314 (1) (398 SE2d 295), citing *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50 (268 SE2d 632). Pretermitting the question of whether service can be perfected by publication, pursuant to OCGA § 9-11-4 (e) (1) (in cases in which jurisdiction vests pursuant to the tortious act or omission provisions of OCGA § 9-11-91 (2)) (see generally OCGA § 9-10-94) in view of the broad language of OCGA § 9-11-4 (e) (1) (A) (as amended), providing that "[t]his Code section shall apply to all manner of civil actions") is the posture of this record, which reflects that appellant/plaintiff has failed to comply adequately with the requirements for publication of OCGA § 9-11-4 (e) in regard to the initial attempt at service by mailing in August 1989.

*Marbury v. Marbury*, 256 Ga. 651 (352 SE2d 564) and *Lee v. Pace*, supra, are distinguishable from the operative facts regarding service existing in this case.

Further, unlike *Lee v. Pace*, supra, appellee did not waive the issue of service; and, that he acknowledged receipt of the originally mailed process is immaterial, as the fact he acknowledged receipt in connection with an attempted but invalid service does not suffice to

afford the required notice of the action or dispense with valid service. See *Denny v. Croft*, supra at 872. Acknowledgment of service, without an express waiver of process, does not constitute a waiver of valid service of process. *Edison Provision Co. v. Armour & Co.*, 51 Ga. App. 213, 214 (179 SE 829).

Appellant, however, maintains that subsequent personal service of process upon appellee in September 1990 was timely and constituted valid service. Personal service was effected long after the statute of limitation had expired and approximately one year after appellee filed his motion to dismiss based inter alia on grounds of improper service. Nevertheless, appellant, citing *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360), asserts her subsequent perfection of service would relate back to the August 28, 1989, filing as she acted in a reasonable and diligent manner to assure proper service was made as quickly as possible after discovering appellee "was originally *improperly* served." (Emphasis supplied.)

Appellant's action was refiled several months before the expiration of the six-month period permitted for renewal of a case after dismissal. See generally OCGA § 9-2-61. Assuming without deciding that appellant could utilize the renewal procedure of OCGA § 9-2-61 where appellee was a third-party defendant in the original suit (compare *Cox v. Strickland*, 120 Ga. 104 (47 SE 912); *Cale v. Jones*, 176 Ga. App. 865 (338 SE2d 68); *McCoy Enterprises v. Vaughn*, 154 Ga. App. 471 (268 SE2d 764)), the problem of timeliness of service remains. In *Jones v. Cropps*, supra at 314 (2), this court held, "[b]ecause an action under the Code section [OCGA § 9-2-61] is de novo, the 'procedural prerequisites such as filing of a new complaint and perfection of service must be met anew.' [Cits.] In such circumstances, as in the normal statute of limitation situation, where the suit is filed before but service is beyond the expiration period then service is sustainable only if plaintiff acted in a reasonable and diligent manner in attempting to insure that proper service was made as quickly as possible. [Cit.] Plaintiff acted reasonably in his initial attempts to obtain service but after defendant answered specially and asserted the defenses of lack of service and jurisdiction plaintiff took no action to discover where defendant actually resided until after the time for permissible discovery under USCR 5. This was a clear failure to exercise due diligence and constituted laches on plaintiff's part. This authorized the trial court to dismiss the complaint for untimely service." The record before us reflects an inordinate and unexplained delay on the part of appellant in obtaining personal service of appellee, particularly after being placed on due notice of the deficiency in her original service. Considering the factual posture of the record, we cannot say the trial court would abuse its discretion by holding appellant failed to exercise due diligence in attempting to perfect timely

personal service on appellee. See *Forsyth v. Brazil,* 169 Ga. App 438 (313 SE2d 138); *Smith v. Griggs,* supra at 18. A judgment right for any reason must be affirmed. *Shapiro v. Lipman,* 259 Ga. 85, 86 (377 SE2d 673). Granted, "[t]he trial court did not explicitly base its decision upon the failure of plaintiff to act in a reasonable and diligent manner, but unlike *Childs,* supra, the court did not expressly show that it was not considering those essential factors." *Jones,* supra at 314-315. Accordingly, as in *Jones,* this case need not be remanded. "It is affirmed on the principle that in the absence of a contrary showing, the trial court will be presumed to have followed the law. [Cits.]" *Jones,* supra at 315.

In view of our above holding it is not necessary to address appellant's remaining enumerations of error.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 29, 1991.

*Beauchamp & Associates, Robert M. Beauchamp,* for appellant.
*Geer & Rentz, Donald D. Rentz, Cannon & Meyer Von Bremen, William E. Cannon, Jr.,* for appellee.