A92A0258. BABB et al. v. COOK.

(417 SE2d 63)

McMURRAY, Presiding Judge.

On May 24, 1990, Merrell D. Babb and Patricia Babb (plaintiffs) filed a personal injury and loss of consortium complaint against Fred B. Cook III (defendant) and alleged that defendant is a resident of the State of Louisiana and that defendant negligently drove a car into plaintiffs' automobile in Hall County, Georgia, on August 9, 1988. On May 24, 1990, a return of service was entered certifying that defendant was served via publication pursuant to OCGA § 9-11-4 (e) (1).

On December 17, 1990, an answer was filed asserting the statute

of limitation, improper service, lack of venue and lack of personal jurisdiction. On May 23, 1991, an acknowledgment of service was filed on defendant's behalf, reserving "any defenses which are available to defendant relating to service, jurisdiction, the statute of limitations, or any other procedural or substantive issue." (The acknowledgment of service was purportedly executed on December 13, 1990.) Defendant filed a motion for summary judgment, asserting lack of personal jurisdiction, improper service and expiration of the statute of limitation. The trial court granted defendant's motion for summary judgment based on expiration of the statute of limitation. This appeal followed. *Held*:

1. Plaintiffs contend the trial court erred in granting summary judgment on their loss of consortium claims.

The statute of limitation on any claim for loss of consortium is four years. OCGA § 9-3-33. It is undisputed that the collision which gave rise to the case sub judice occurred on August 9, 1988. Consequently, the statute of limitation has not yet expired on plaintiffs' loss of consortium claims. It follows that the trial court erred in granting defendant's motion for summary judgment on the loss of consortium claims based on expiration of the statute of limitation.

2. Plaintiffs contend that genuine issues of material fact remain on the issue of whether defendant's attorney orally acknowledged service on plaintiff Patricia Babb's personal injury claim before expiration of the two-year statute of limitation. Plaintiffs also contend that genuine issues of material fact remain on the issue of whether defendant's attorney fraudulently induced plaintiffs' attorney not to serve defendant with process before expiration of the applicable statute of limitation.

Plaintiffs' former attorney deposed that she initially represented plaintiffs, filing a complaint on their behalf and sending a courtesy copy of the "Complaint, Interrogatories, Interest Demand Letter, and a Motion for Service by Publication . . ." to defendant's insurance carrier. She further deposed that defendant's attorney later telephoned and informed her that he was representing the insurance company and defendant. Plaintiffs' former attorney also deposed that defendant's attorney informed her that he did not know defendant's whereabouts; that service by publication was not appropriate and that he would acknowledge service on defendant's behalf before expiration of the statute of limitation. Plaintiffs' former attorney deposed that defendant's attorney assured her on several occasions before and after expiration of the statute of limitation that he would acknowledge service on defendant's behalf; that defendant's attorney did not acknowledge service on defendant's behalf before expiration of the statute of limitation and that, when defendant's attorney did acknowledge service after expiration of the statute of limitation, he

inappropriately reserved "any defenses which are available to defendant relating to service, jurisdiction, the statute of limitations, or any other procedural or substantive issue."

"If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA § 9-3-96. However, fraud will not toll the statute of limitation where an injured party fails to exercise ordinary care and diligence in protecting his substantive rights. See *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244).

The appropriate method for serving a nonresident motorist is prescribed in OCGA § 40-12-2. The requirements of this Code section are in derogation of the common law and must be strictly construed and fully complied with before a court of this State may obtain jurisdiction over a nonresident motorist. *Cheek v. Norton*, 106 Ga. App. 280, 283 (126 SE2d 816). In the case sub judice, it appears that plaintiffs could have served defendant under OCGA § 40-12-2 long before expiration of the two-year statute of limitation. Further, it is undisputed that plaintiffs inappropriately served defendant via publication under OCGA § 9-11-4 (e) (1). See *National Surety Corp. v. Hernandez*, 120 Ga. App. 307, 308 (170 SE2d 318). In fact, the record shows that plaintiffs never attempted service under OCGA § 40-12-2 either before or after expiration of the personal injury statute of limitation.

The two-year statute of limitation on plaintiffs' personal injury claims expired on August 10, 1990. See OCGA §§ 9-3-33; 1-3-1 (d) (3). Defendant's attorney purportedly acknowledged service on defendant's behalf on December 13, 1990, over four months after expiration of the statute of limitation. Further, this acknowledgment of service was not filed with the trial court until May 23, 1991. Nonetheless, plaintiffs insist defendant's attorney's alleged deceitful conduct tolled the two-year statute of limitation. We do not agree.

"Failure to exercise reasonable diligence to discover the fraud may be excused [only] where a relationship of trust and confidence exists between the parties. *Kirkley v. Sharp*, 98 Ga. 484 (25 SE 562) (1896); *Bennett v. Bird*, 139 Ga. 25 (76 SE 568) (1912)." *Shipman v. Horizon Corp.*, 245 Ga. 808, supra. In the case sub judice, while there is a claim by plaintiffs that defendant's attorney may have acted inappropriately under the Canons of Ethics of the State Bar of Georgia, no relationship of trust and confidence existed between plaintiffs' former attorney and defendant's attorney which relieved plaintiffs of the burden of notifying defendant of the lawsuit they filed against defendant in a foreign state.

Plaintiffs had a duty to either serve defendant within the appli-

cable statute of limitation or act diligently in serving defendant (if service is more than five days after filing of the complaint) after expiration of the statute of limitation. *Bible v. Hughes*, 146 Ga. App. 769 (2), 770 (247 SE2d 584). "In this determination the trial court hearing the motion to dismiss is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene. *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977). The diligence exercised by the plaintiff describes the true test. *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975)." *Bible v. Hughes*, 146 Ga. App. 769 (2), 770, supra. Under these circumstances of the case sub judice, we find no abuse of discretion in finding that plaintiffs failed to act diligently in serving defendant before and after expiration of the statute of limitation. Consequently, the trial court did not err in granting defendant's motion for summary judgment on plaintiffs' personal injury claims based on an expiration of the two-year statute of limitation.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 18, 1992.

*McGinn, Webb & Warner, James H. Webb, Jr., Richard P. Lindsey*, for appellants.
*Harper, Waldon & Craig, Russell D. Waldon*, for appellee.