A93A0360. ROSE et al. v. RYAN.

(433 SE2d 291)

Andrews, Judge.

Mr. and Mrs. Rose were injured in an automobile accident with Richard James Ryan, Jr., on June 14, 1988.[1] They appeal from the court's entry of summary judgment on defendant Ryan's motion to dismiss or for summary judgment based on the grounds of insufficiency of service and the statute of limitation.

1. Affidavits and deposition testimony were considered, converting the motion to one for summary judgment. Brooks v. Boykin, 194 Ga. App. 854, 855 (1) (392 SE2d 46) (1990).

Viewed in favor of the Roses, opponents of summary judgment, the evidence was that the complaint alleging personal injuries was filed on May 7, 1990, before the expiration of the two-year statute of limitation on June 14, 1990. OCGA § 9-3-33. At the time of the wreck, Ryan, a student at the University of Alabama, was staying with his parents for the summer and working a summer job. He gave their Cobb County address when asked by the investigating officer where he was living. He also presented his Alabama driver's license at that time. In 1987, he had forfeited his Georgia driver's license in order to get his Alabama license which he obtained in order to establish residency in Alabama. He had also registered to vote in Alabama and was paying in-state tuition at the university.

When service was attempted at the Cobb County address, the deputy was advised by defendant's mother that Ryan was living at 48 University Lane in Tuscaloosa, Alabama and the sheriff's entry of service reflected that he had moved to that address. On May 20, 1990, counsel for plaintiffs became aware of the entry of service and contacted Fulton County Deputy Sheriff Barfield to attempt to arrange with a Tuscaloosa County officer for service on Ryan. A copy of the

---

[1] The complaint named as defendant "James Ryan Richard." Misnomer was one of the bases included in the motion for dismissal.

complaint and summons was given to Ryan at that address by an Alabama officer on September 13, 1990.

On May 14, 1991, plaintiffs added claims for loss of consortium to the complaint.

2. Service must be effected in compliance with the applicable statute. *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). The fact that a defendant may have actual knowledge of a complaint by virtue of a process not in compliance with the statute is not adequate under the theory of "substantial compliance." Id. at 419. Assuming, without deciding, that at the time of the accident, Ryan was a resident of Alabama, although sojourning in Georgia for the summer[2] "[t]he appropriate method for serving a nonresident motorist is prescribed in OCGA § 40-12-2. The requirements of this Code section are in derogation of the common law and must be strictly construed and fully complied with before a court of this State may obtain jurisdiction over a nonresident motorist. [Cit.] In the case sub judice, it appears that plaintiffs could have served defendant under OCGA § 40-12-2 . . . before expiration of the [personal injury] statute of limitation." *Babb v. Cook*, 203 Ga. App. 437, 439 (2) (417 SE2d 63) (1992). It is undisputed that plaintiffs here inappropriately attempted to serve defendant by out-of-state personal service under OCGA § 9-11-4 (e) (2) if he resided in Alabama at the time of the wreck.

Assuming without deciding that, as argued by plaintiffs below, Ryan was a Georgia resident at the time of the accident, it is without dispute that at the time of the filing of the complaint and attempted service in Georgia, he was an Alabama resident. In that case, he would have been subject to the jurisdiction of the Georgia court pursuant to the Long-Arm Statute. OCGA § 9-10-91 (2). "Nonresident" for purposes of that act is defined as "an individual . . . who, at the time a claim or cause of action arises . . . was residing . . . in this state and subsequently becomes a resident . . . outside of this state as of the date of perfection of service of process as provided by Code Section 9-10-94." OCGA § 9-10-90. See *Bible*, supra at 418, fn. 1; *Denny v. Croft*, 195 Ga. App. 871 (2) (395 SE2d 72) (1990).

OCGA § 9-10-94 provides that a person subject to the Long-Arm Statute "may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state . . . in which service is made ·or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction."

Alabama Code § 36-22-3 does provide that it is the duty of the

---

[2] Out-of-state residency at the time of the accident is a requirement for effecting service under the Nonresident Motorist Act. *Bailey v. Hall*, 199 Ga. App. 602, 603 (1) (405 SE2d 579) (1991).

sheriff "[t]o execute and return the process . . . of the courts of record of this state. . . ." ARCP 4.1 (b) (1) likewise authorizes service of process by the sheriff.

Alabama Code § 6-4-2 provides that all process "shall be executed instanter and, . . . shall be returned immediately upon the execution thereof by the officer executing the same. . . ."

OCGA § 9-11-4 (g) provides that "[t]he person serving the process shall make proof of service thereof to the court promptly and, in any event, within the time during which the person served must respond to the process. Proof of service shall be as follows: (1) If served by a sheriff . . . , or his deputy, the affidavit or certificate of the sheriff . . . or deputy."

Here, there has been no such return of service made with regard to the alleged Alabama service pursuant to OCGA § 9-10-94, even though a continuance was granted by the court for the express purpose of obtaining an affidavit from the Alabama sheriff's deputy. Therefore, the record before us is devoid of any legal proof of service upon Ryan under any of the above procedures. Compare *Coe v. Peterson*, 172 Ga. App. 531, 533 (323 SE2d 715) (1984).

Therefore, the court was correct that valid service had not been obtained, but for the reasons set out herein. "[A] judgment right for any reason must be affirmed." *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989); *Bailey v. Hall*, supra at 606 (2).

3. Appellees concede in their brief that the statute of limitation of four years for the loss of consortium claims had not expired at the time of the court's dismissal of those claims on May 4, 1992. *Babb v. Cook*, supra at 438 (1). The four years would have expired on June 14, 1992. Since proper service could still have been effected under the Long-Arm Statute within that period, that portion of the judgment dismissing that claim is reversed and remanded to the trial court for consideration of this issue.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 30, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 —

*Paul C. Munger, Penny M. Douglass*, for appellants.
*Mary P. Womack, Bauer, Deitch & Kline, Craig T. Jones, Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, J. Calhoun Harris, Jr.*, for appellee.