A99A1409. PRINGLE et al. v. JAGANAUTH.
(522 SE2d 560)

ELLINGTON, Judge.

This appeal arises from the trial court's granting a motion to dismiss a personal injury claim due to the plaintiffs' failure to properly serve defendant, Chitara Jaganauth, with process pursuant to OCGA § 40-12-2.

The trial court's exercise of discretion in this matter will not be overturned on appeal, unless it has been abused. *Abelt v. Nelson*, 204 Ga. App. 501 (419 SE2d 749) (1992).

On December 30, 1994, Jaganauth was involved in an automobile collision with a vehicle driven by Tamila Pringle and occupied by Ernest Pringle. At the time of the collision Jaganauth was a non-resident motorist.

On or about September 18, 1996, Jaganauth received a certified letter dated September 16, 1996, from a South Carolina law firm. The letter included a copy of a complaint which had purportedly been filed against her in the State Court of Chatham County. However, suit was not filed in this case until October 10, 1996.

On January 8, 1997, nine days after the expiration of the statute of limitation, the summons and complaint in this case were received by the Secretary of State. The certificate of filing was filed by the Secretary of State in the State Court of Chatham County on January 21, 1997.

On September 11, 1998, Jaganauth filed a motion to dismiss on the grounds that defendant had not been lawfully served with process and that the Pringles' complaint was barred by the statute of limitation. On December 7, 1998, Jaganauth's motion to dismiss was granted.

1. The trial court properly granted Jaganauth's motion to dismiss for failure to properly serve defendant with process.

On the date of the automobile collision giving rise to this lawsuit, Jaganauth was a non-resident motorist as defined by OCGA § 40-12-1. The appropriate method for serving a non-resident motorist is prescribed in OCGA § 40-12-2. The requirements of that Code section are in derogation of the common law and must be strictly construed and fully complied with before a court of this state may obtain jurisdiction over a non-resident motorist. *Babb v. Cook*, 203 Ga. App. 437, 439 (2) (417 SE2d 63) (1992).

Given the evidence, we find that the Pringles failed to comply

with the requirements of OCGA § 40-12-2. On October 29, 1998, the trial court ordered the Pringles to provide a copy of the return receipt from the registered or certified mailing of the summons and complaint as required by OCGA § 40-12-2. On November 12, 1998, in response to the trial court's order, the Pringles filed a receipt for the certified mailing of the complaint and summons dated September 26, 1996, prior to the October 10, 1996 date that suit was filed in this case. The fact that Jaganauth may have had actual knowledge of the complaint prior to the time of filing by virtue of her receipt of the September 16, 1996 letter, a process not in compliance with the requirements of the statute, is not adequate. *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989).

2. The trial court did not err in finding that plaintiffs failed to use due diligence in serving the defendant after the statute of limitation had expired.

When an action is filed within the period of limitation, but not served upon the defendant within the limitation period, or within five days thereafter, the plaintiff must establish that service was made in a reasonable and diligent manner as required by OCGA § 9-11-4 (c). If reasonable and diligent efforts are not made to ensure proper service as quickly as possible, the plaintiff is guilty of laches and service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673 (307 SE2d 134) (1983). The plaintiff has the burden of showing that due diligence was exercised. *Starr v. Wimbush*, 201 Ga. App. 280, 281 (1) (410 SE2d 776) (1991).

The Pringles offer as evidence of due diligence three canceled checks to the Secretary of State's office dated October 9, 1996, and an affidavit by plaintiffs' counsel stating that

> to the best of my recollection [I] believe that this office forwarded to the defendant, by certified mail, return receipt requested, a copy of the summons and complaint after the filing of said lawsuit; however I am currently unable to locate same.

However, the record indicates that on January 8, 1997, nine days after the expiration of the statute of limitation, the summons and complaint in this case were received by the Secretary of State. A search of the records maintained by the Secretary of State revealed that the summons and complaint had not been received in that office between the period of September 1, 1996 and January 8, 1997. The Pringles offer no evidence to support the assertion that the Secretary of State played a role in causing the delay in service of process. The Pringles' only other offer of proof of service upon the defendant is a

return receipt dated almost one month before the date suit was filed. Based on this evidence, we find that the trial court did not abuse its discretion in determining that the Pringles did not show that they acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible and properly granted Jaganauth's motion. See *Walker v. Hoover*, 191 Ga. App. 859, 860 (383 SE2d 208) (1989).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 15, 1999.

*Joyce M. Griggs*, for appellants.
*Shivers & Associates, Eric A. Brewton*, for appellee.