A01A1582. DOUGLAS v. SEIDL.
(553 SE2d 829)

PHIPPS, Judge.

Michael Douglas sued John Seidl for injuries sustained in an automobile collision. The trial court granted summary judgment to Seidl on the ground that Douglas failed to act diligently to effect service of process after the statute of limitation had expired. We agree and affirm.

The collision occurred on November 13, 1997. Douglas filed his complaint in Effingham County State Court on November 12, 1999. On November 15, the Sheriff's Department of Effingham County executed a return of service indicating an inability to serve the complaint because the defendant "lives in Sav[annah]." Douglas learned of the failure to serve on November 29, when he received the return of service in the mail.

According to Douglas's attorney, who submitted an affidavit, the return of service also contained a note indicating Seidl's current address. Counsel stated that he prepared a motion to transfer the case to Chatham County State Court as soon as he received the return of service, but did not file the motion until mid-December because he was not certain where Seidl lived and because his client had not paid the fee required to transfer the case. Counsel stated that he checked the "Savannah telephone [b]ook and other materials," but could not verify Seidl's address. Counsel further averred that on January 12, 2000, he received a call from a clerk in the Effingham County State Court, who said that the motion to transfer could not be filed until Douglas prepared an order. Counsel stated that he prepared and sent an order that day.

The motion to transfer was file-stamped by the clerk of the court on January 18, 2000. The court granted the motion to transfer in an order which also was file-stamped on January 18. Douglas's attorney averred that he received the order on January 31. That same day, he hired a private process server to find and serve Seidl. Seidl was

served on February 15.

When an action is filed within the applicable limitation period but service is perfected more than five days after that period expires, the service relates back to the original filing only if the plaintiff acted reasonably and diligently to ensure that proper service was made as quickly as possible.[1] The plaintiff bears the burden of showing that he acted diligently.[2] The trial court must consider all the facts to determine whether the plaintiff was guilty of laches, and we will not disturb the trial court's determination absent an abuse of discretion.[3]

In this case, Douglas filed his complaint one day before the expiration of the applicable statute of limitation for personal injury actions.[4] Seidl was not served until 93 days after the limitation period expired. Although Douglas provided a variety of reasons for the delay, it is undisputed that he took no steps to ascertain whether service had been made before receiving the sheriff department's return of service, even though he knew the statute of limitation had expired. After learning that Seidl had moved to Savannah, Douglas waited at least two more weeks to file a motion to transfer the case and thereafter made no attempt to check the status of the motion. Only after the motion to transfer was granted did Douglas finally hire a private process server to effect service. Under these circumstances, the trial court did not abuse its discretion in concluding that Douglas failed to act with due diligence.[5]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 8, 2001.

*Orin L. Alexis*, for appellant.

*Ellis, Painter, Ratterree & Bart, Ryburn C. Ratterree, Tracy O'Connell*, for appellee.

---

[1] *Pringle v. Jaganauth*, 240 Ga. App. 65, 66 (2) (522 SE2d 560) (1999).

[2] *Walker v. Hoover*, 191 Ga. App. 859, 860 (383 SE2d 208) (1989).

[3] *Jackson v. Doe*, 243 Ga. App. 210, 211-212 (532 SE2d 761) (2000).

[4] See OCGA § 9-3-33.

[5] See *Devoe v. Callis*, 212 Ga. App. 618 (442 SE2d 765) (1994) (service 81 days after limitation period expired was not timely); *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990) (affirming dismissal of complaint where defendant was not served until 63 days after expiration of statute of limitation).