A02A0250. FARRIE v. McCALL.
(568 SE2d 603)

BARNES, Judge.

Patricia Farrie sued Amanda McCall, a South Carolina resident, for personal injuries sustained in a motor vehicle accident and served her personally pursuant to the provisions of the Long Arm Statute, OCGA § 9-10-94. McCall answered and moved to dismiss on the ground of insufficiency of service of process, arguing that the only method by which she could be served is that provided by the Nonresident Motorist Act ("NRMA"), OCGA § 40-12-1. The trial court reluctantly agreed, based on this court's previous rulings. Because those cases were decided in error, and because the NRMA provides only an alternative, not an exclusive, means of perfecting service on a nonresident motorist, we reverse.

The NRMA was first enacted in 1937, and its

> main and controlling purpose was to provide a ready and efficient remedy in this State for injuries occasioned by the negligent operation of motor vehicles upon the highways of this State by non-residents who are merely passing through or have no fixed residence or place of business here where they may be readily found and sued, and thus to relieve the persons claiming to have been damaged from the necessity of pursuing them into some other State for the purpose of obtaining redress.

*Hirsch v. Shepherd Lumber Corp.*, 194 Ga. 113, 115 (20 SE2d 575)

---

[7] *Brand v. Montega Corp.*, 233 Ga. 35 (209 SE2d 583) (1974).

(1942). Because the service and venue provisions of the Act are in derogation of common law, our courts have always strictly construed its requirements. For example, evidence of "a registered letter, addressed to 'general delivery,' marked 'unclaimed,' " was held to be insufficient service (*Stone v. Sinkfield*, 70 Ga. App. 787, 790 (29 SE2d 310) (1944)), as was service by publication (*Babb v. Cook*, 203 Ga. App. 437, 439 (2) (417 SE2d 63) (1992)).

The Georgia Long Arm Statute did not become effective until 1966, long after the U. S. Supreme Court held constitutional a state statute giving in personam jurisdiction over nonresidents with "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Intl. Shoe Co. v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945); *Buckhead Doctors' Bldg. v. Oxford Finance Cos.*, 120 Ga. App. 516 (1) (171 SE2d 365) (1969). The statute provides that

> [a] court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he . . . [c]ommits a tortious act or omission within this state.

OCGA § 9-10-91 (2). An automobile collision is such a tortious act that can confer jurisdiction on a nonresident under the Long Arm Statute. *Bailey v. Hall*, 199 Ga. App. 602, 603 (1) (405 SE2d 579) (1991).

An entire body of law arose to address service on defendants who were residents when the wreck occurred but moved out of state before suit was filed. For a time, such a defendant could not be sued under either the NRMA or the Long Arm Statute because he was not a "nonresident" when the act occurred. *Thompson v. Abbott*, 226 Ga. 353, 357-358 (2), (3) (174 SE2d 904) (1970); *Young v. Morrison*, 220 Ga. 127 (137 SE2d 456) (1964). Those opinions were subsequently overruled in *Crowder v. Ginn*, 248 Ga. 824, 825 (286 SE2d 706) (1982), in which the court held that "jurisdiction shall be exercised over nonresident parties to the maximum extent permitted by procedural due process. [Cit.]" (Punctuation omitted.) Id. The due process clauses of the Georgia and U. S. Constitutions did not preclude defining a "nonresident" under the Long Arm Statute as someone who was a resident when he had an automobile collision but had moved out of state before he was personally served with process. Id. The legislature subsequently amended the definition of a "nonresident" in the Long Arm Statute to include a former resident who had moved out of

state. OCGA § 9-10-90. Consequently, a claimant may obtain jurisdiction by personal service under the Long Arm Statute on nonresidents who were Georgia residents when they committed a tort.

The basis for jurisdiction under the NRMA is the use of our state's highways by a nonresident; the basis for jurisdiction under the Long Arm Statute is the commission of a tortious act within the state. Nothing in either statute precludes using either method of obtaining personal jurisdiction when the alleged tortfeasor was a nonresident of this state at the time of the tortious act. The exercise of long arm jurisdiction over a nonresident motorist does not offend " 'traditional notions of fair play and substantial justice.' " *Intl. Shoe*, supra, 326 U. S. at 316. Further, it is illogical to hold that personal service under the Long Arm Statute, the form of service most apt to give defendants proper notice of a suit against them, is invalid because of the existence of an alternative statutory method of service enacted 30 years earlier. While we still strictly construe the provisions of the NRMA when service is attempted pursuant to it, that rule of strict construction does not apply when jurisdiction is obtained under the Long Arm Statute.

Therefore, we disapprove the language in any case that the NRMA is the proper method of obtaining service on nonresident motorists to the extent that this statement states or implies that the NRMA is the exclusive method of obtaining personal service on nonresident motorists. See, e.g., *Pringle v. Jaganauth*, 240 Ga. App. 65 (1) (522 SE2d 560) (1999); *Phillips v. Jackson*, 233 Ga. App. 875, 878 (1) (506 SE2d 158) (1998); *Rose v. Ryan*, 209 Ga. App. 160, 161 (2) (433 SE2d 291) (1993); *Babb*, supra, 203 Ga. App. at 439 (2). Further, we note that reliance on *Cheek v. Norton*, 106 Ga. App. 280, 283 (126 SE2d 816) (1962), is not warranted. *Cheek v. Norton* was decided in 1962 before the Long Arm Statute was enacted. Therefore, while its holding was correct when made, the case is not controlling authority in current cases because the Long Arm Statute now provides an alternate means of obtaining jurisdiction over nonresident defendants.

*Judgment reversed. Blackburn, C. J., Johnson, P. J., Ruffin, Eldridge, Miller, Ellington and Phipps, JJ., concur. Pope, P. J., Smith, P. J., and Mikell, J., concur and concur specially. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

While I concur in the majority's conclusion that either the Nonresident Motorists Act, OCGA § 40-12-1 et seq., or the Long Arm Statute provision relating to one who commits a tort in this state, OCGA § 9-10-91 (2), may be used to serve a nonresident motorist, I do not agree with the wholesale disapproval of any case dealing with

the NRMA which states or implies that the NRMA is the "proper method" of obtaining personal service on nonresident motorists "to the extent that this statement states or implies that the NRMA is the exclusive method" of obtaining service without individual analysis of each such case. For example, *Rose v. Ryan*, 209 Ga. App. 160 (433 SE2d 291) (1993), which I authored, involved a situation in which the *only* service attempted was by publication under OCGA § 9-11-4 (e) (2). *Rose* discusses both appropriate possibilities of service, the NRMA and the Long Arm Statute, finds neither complied with, and appears consistent with the majority's analysis. Therefore, I object to its disapproval.

I am authorized to state that Presiding Judge Pope, Presiding Judge Smith, and Judge Mikell join in this opinion.

DECIDED JULY 10, 2002.

*Hill & Bleiberg, Gary Hill*, for appellant.
*Sharon W. Ware & Associates, Louis L. McLendon, Kenneth E. Morrow*, for appellee.