A02A1784. KING v. BARRIOS.
(571 SE2d 531)

ELDRIDGE, Judge.

On September 27, 2001, Dian King sued Rafael Barrios for personal injuries arising out of an automobile collision that occurred on November 4, 1999. It is undisputed that at the time of the collision, and at all times subsequent thereto, Barrios resided in Pennsylvania. King attempted service on Barrios under both the Georgia Nonresident Motorist Act ("NRMA"), OCGA §§ 40-12-1 and 40-12-2, and under the Georgia Long Arm Statute, OCGA § 9-10-94. Both parties agree that service was never perfected under the NRMA; however, on October 16, 2001, within the applicable statute of limitation, Barrios was personally served in Pennsylvania under the Long Arm Statute.

Barrios filed a timely answer asserting defenses of lack of personal jurisdiction, improper venue, and insufficiency of service of process. On December 21, 2001, Barrios filed a motion to dismiss asserting that the statute of limitation had expired, that he had not been served properly under the NRMA, and that the NRMA was the exclusive means of obtaining proper service over a defendant who was never a resident of Georgia and was involved in an automobile collision within the state. The trial court granted Barrios' motion, and King appeals. In three enumerations of error, King asserts that the trial court erred in granting Barrios' motion to dismiss. We agree.

In *Farrie v. McCall*, 256 Ga. App. 446 (568 SE2d 603) (2002), this Court held that "the NRMA provides only an alternative, not an exclusive, means of perfecting service on a nonresident motorist." Service on a nonresident motorist is proper under both the NRMA or the Long Arm Statute.

> The basis for jurisdiction under the NRMA is the use of our state's highways by a nonresident [(OCGA § 40-12-1)]; the basis for jurisdiction under the Long Arm Statute is the commission of a tortious act within the state [(OCGA § 9-10-

91 (2))]. Nothing in either statute precludes using either method of obtaining personal jurisdiction when the alleged tortfeasor was a nonresident of this state at the time of the tortious act. The exercise of long arm jurisdiction over a nonresident motorist does not offend traditional notions of fair play and substantial justice. *Intl. Shoe* [*Co. v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945)]. Further, it is illogical to hold that personal service under the Long Arm Statute, the form of service most apt to give defendants proper notice of a suit against them, is invalid because of the existence of an alternative statutory method of service enacted 30 years earlier. While we still strictly construe the provisions of the NRMA when service is attempted pursuant to it, that rule of strict construction does not apply when jurisdiction is obtained under the Long Arm Statute.

(Punctuation omitted.) Id. at 448. Since King served Barrios within the applicable statute of limitation under the Long Arm Statute, the trial court erred in granting Barrios' motion to dismiss.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Goldman & Associates, Steven I. Goldman, Robert A. McDonald,* for appellant.

*Sharon W. Ware & Associates, Ambadas B. Joshi,* for appellee.