**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 2, 2012**

# In the Court of Appeals of Georgia

A12A0196. COLES v. REESE.

BLACKWELL, Judge.

The third time is not always the charm. In November 2008, Brian Coles sued Sparkle Junell Reese to recover damages for injuries that he sustained in an October 2007 automobile accident. But Coles never perfected service of that lawsuit and voluntarily dismissed it instead. He then filed a second lawsuit in April 2009, which he attempted to serve upon Reese under the auspices of the Nonresident Motorist Act, OCGA § 40-12-1, notwithstanding that he alleged in the second lawsuit that Reese was a resident of Georgia at the time of the accident. When Reese specifically appeared and moved to dismiss the second lawsuit for insufficiency service, Coles voluntarily dismissed it too. By the time Coles dismissed his second lawsuit, more

than two years – the period of limitations for a lawsuit for injuries to the person, see OCGA § 9-3-33 – had passed since the October 2007 automobile accident.

Then, in March 2010, Coles filed his third lawsuit against Reese, which he characterized as a renewal of the second lawsuit.[1] The problem is, a lawsuit is void if service is never perfected, *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994), and a void lawsuit cannot be renewed outside the period of limitations. *United States Fidelity & Guaranty Co. v. Reid*, 268 Ga. 432, 432 (491 SE2d 50) (1997). Reese moved to dismiss the third lawsuit,[2] arguing that the period of limitations had run before it was filed, and it could not properly be characterized as a renewal of the second lawsuit because Coles never perfected service on the second lawsuit. The court below granted the motion to dismiss, and Coles appeals. We see no error and affirm.

---

[1] Under OCGA § 9-2-61, when a plaintiff initiates a lawsuit within the applicable period of limitations, he may subsequently voluntarily dismiss it and renew it "within six months after the dismissal by filing a new complaint, subject only to the requirement of payment of costs in the original action." *Robinson v. Boyd*, 288 Ga. 53, 56 (2) (701 SE2d 165) (2010).

[2] We believe that on June 3, 2011, rather than filing a brief in support of Reese's Motion to Dismiss, Coles intended to submit a brief entitled "Brief in Support of Response to Defendant's Motion to Dismiss,"

Coles argues that the third lawsuit is a proper renewal of the second lawsuit, and he contends that he properly perfected service of the second lawsuit by serving Reese through the Secretary of State under the Nonresident Motorist Act. The Act provides in pertinent part that, when a nonresident of Georgia is involved in an automobile accident in this State, she can be served with process through the Secretary of State "in any action or proceeding against any such nonresident growing out of [the accident]." OCGA § 40-12-1 (a). Coles says that the Act governs the service of his second lawsuit, and although he alleged in the second lawsuit that Reese was a Georgia resident at the time of the accident, he also alleged that she since had moved from the State. [3]

---

[3] In his third lawsuit, Coles alleged for the first time that Reese was a resident of another state both at the time of the accident and at the time the lawsuit was filed. But as to whether service of the second lawsuit was perfected, Coles is bound by his allegation in the second lawsuit –which Reese admitted when she specially appeared in the second lawsuit, and which Coles never withdrew by amending or striking the allegation from his pleadings in the second lawsuit – that Reese was a resident of Georgia at the time of the accident. See *Colonial Properties Realty Ltd. Partnership v. Lowder Construction Co.*, 256 Ga. App. 106, 107-108 (1)(567 SE2d 389)(2002) ("admissions in judicio in a party's pleadings bind the party so that they cannot put up evidence over objection to contradict such admissions")(citations and punctuation omitted). See also OCGA § 24-3-30; *Mitsubishi Motors Corp v. Coleman*, 290 Ga. App. 86, 87-88 (1) (658 SE2d 843) (2008) (in determining whether jurisdiction over a defendant was proper, court properly relied upon admissions in answer of defendant).

But as this Court has said before, there is "[a]n entire body of law" that concerns service of process in such cases. *Farrie v. McCall*, 256 Ga. App. 446, 447 (568 SE2d 603) (2002) (en banc). And according to that "entire body of law," the Nonresident Motorist Act does not apply when, at the time of the accident, the defendant lived in Georgia. Id. See also *Crowder v. Ginn*, 248 Ga. 824, 825 (286 SE2d 706) (1982); *Andrews v. Stark*, 264 Ga. App. 792, 793 (1) (592 SE2d 438) (2003); *Bailey v. Hall*, 199 Ga. App. 602, 603 (1)(405 SEd2 579) (1991). Instead, a Georgia court may obtain jurisdiction of such a defendant under the Georgia Long-Arm Statue, OCGA § 9-10-91. *Crowder*, 248 Ga. at 825; *Farrie*, 256 Ga. App. at 447. See also OCGA § 9-10-90 (defining a "nonresident" under the Georgia Long Arm Statue to include any individual who resided in Georgia at the time a tort occurred, but who subsequently became a resident of another State). And a defendant subject to jurisdiction under the Long-Arm Statue, unlike a defendant subject to jurisdiction under the Nonresident Motorist Act, cannot be served through the Secretary of State. Rather, pursuant to OCGA § 9-10-94, [4] such a defendant must be served either

_____

[4] OCGA § 90-10-94 provides, in relevant part, that a person subject to jurisdiction of Georgia's court under OCGA § 90-10-91 "may be served within the state by any person authorized to make service by the laws of the state, territory,

4

personally or by leaving copies of the summons and complaint "at [her] dwelling house or usual place of abode with some person of suitable age and discretion then residing therin." OCGA § 9-11-4(e)(7).

Consequently, we agree with the court below that Coles never perfected service of the second lawsuit upon Reese. Having failed to perfect service of the second lawsuit, it could not be properly renewed outside the period of limitations. And the period of limitations having run before the filing of the third lawsuit, the court below properly dismissed the third lawsuit. For these reasons, we affirm the judgment below.

*Judgment affirmed. Mikell, P.J., and Miller, J., concur.*

---

possession, or country in which service is made".